# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JODI FITTIPALDI and LEXI FITTIPALDI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MONMOUTH UNIVERSITY,<br><br>Defendant. | Case No. 3:20-cv-05526-RLS<br><br>Hon. Rukhsanah L. Singh |

## FINAL JUDGMENT AND
## ORDER OF DISMISSAL WITH PREJUDICE

WHEREAS, a class action is pending before the Court entitled *Fittipaldi v. Monmouth University*, No. 3:20-cv-05526-RLS; and

WHEREAS, Plaintiffs Jodi Fittipaldi and Lexi Fittipaldi and Defendant Monmouth University have entered into a Class Action Settlement Agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendant upon the terms and conditions set forth therein (the "Settlement Agreement") (ECF No. 74-3); and

WHEREAS, on September 22, 2022, the Court granted Plaintiff's Motion for Preliminary Approval of Class Action Settlement, conditionally certifying a Class pursuant to Fed. R. Civ. P. 23(b)(3) of "all people who paid Defendant

Spring 2020 Semester tuition and fees or who benefitted from the payment, and whose tuition and fees have not been refunded." (ECF No. 76 at ¶ 9); and

WHEREAS, the Court has considered the Parties' Class Action Settlement Agreement (ECF No. 74-3), as well as Plaintiffs' Motion for Final Approval of Class Action Settlement, Plaintiffs' Motion for Attorneys' Fees, Costs, Expenses, And Incentive Awards (ECF No. 77), together with all exhibits thereto, the arguments and authorities presented by the Parties and their counsel at the Final Approval Hearing held on December 20, 2022, and the record in the Action, and good cause appearing;

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1. Terms and phrases in this Final Judgment shall have the same meaning as ascribed to them in the Parties' Class Action Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3. The notice provided to the Settlement Class pursuant to the Settlement Agreement (ECF No. 74-3) and order granting Preliminary Approval (ECF No. 76) – including (i) direct notice to the Settlement Class via email and/or U.S. mail, based on the comprehensive Settlement Class List provided by Defendant, and (ii) the creation of the Settlement Website – fully complied with the requirements of Fed. R. Civ. P. 23 and due process, was reasonably calculated under the

circumstances to apprise the Settlement Class of the pendency of the Action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing.

4. Zero timely requests for exclusion have been submitted and therefore there are no exclusions from the Settlement Class.

5. The Court finds that Defendant properly and timely notified the appropriate government officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Defendant's notice and finds that it complied with all applicable requirements of CAFA. Further, more than ninety (90) days have elapsed since Defendant provided notice pursuant to CAFA and the Final Approval Hearing.

6. This Court now gives final approval to the Settlement Agreement, and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, and in the best interests of the Settlement Class Members, considering the total value of their claims compared to (i) the disputed factual and legal circumstances of the

Action, (ii) affirmative defenses asserted in the Action, and (iii) the potential risks and likelihood of success of pursuing litigation on the merits. The complex legal and factual posture of this case, the amount of discovery completed, and the fact that the Settlement Agreement is the result of arm's-length negotiations between the Parties support this finding. The Court finds that these facts, in addition to the Court's observations throughout the litigation, demonstrate that there was no collusion present in the reaching of the Settlement Agreement, implicit or otherwise.

7. The Court has specifically considered the factors relevant to class action settlement approval. *See* Fed. R. Civ. P. 23(e); *see also Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975).

8. The Court finds that the Class Representatives and Class Counsel adequately represented the Settlement Class for the purposes of litigating this Action and entering into and implementing the Settlement Agreement.

9. Accordingly, the Settlement Agreement is hereby finally approved in all respects.

10. The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The Settlement Agreement is hereby incorporated into this Final Judgment in full and shall have the full force of an Order of this Court.

11. This Court hereby dismisses the Action, as identified in the Settlement Agreement, on the merits and with prejudice.

12. Upon the Effective Date of this Final Judgment, Plaintiffs and each and every Settlement Class Member who did not opt out of the Settlement Class (whether or not such members submit claims), including such individuals' present or past heirs, executors, family members, lenders, funders, payors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, limited liability companies, partnerships and corporations shall be deemed to have released Defendant, as well as any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, employers, agents, consultants, independent contractors, insurers, including without limitation employees of the foregoing, directors, trustees, board members, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment

advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, corporations, and all third party service providers or entities identified as Defendant's agents and/or independent contractors in this Action from any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, charges, complaints, liabilities, rights, causes of action, obligations, contracts or agreements, extra contractual claims, damages, punitive, exemplary or multiplied damages, injunctive relief, declaratory relief, equitable relief, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims," as defined in the Settlement Agreement), whether in law or in equity, accrued or un-accrued, direct, individual or representative, of every nature and description whatsoever, whether based on state, federal, local, statutory or common law or any other law, rule or regulation, against the Released Parties, including any of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions, claims, liabilities, or failures to act regarding Defendant's actions or decisions in respect to the Spring 2020 academic term, including ceasing physically in-person, on-campus education and services and transitioning to a remote format for the Spring 2020 academic term, including but not limited to all claims that were brought or could have been brought in the Action relating to any and all Releasing Parties.

13. Upon the Effective Date of this Final Judgment, the above release of claims and the Settlement Agreement will be binding on, and will have *res judicata* and preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members and Releasing Parties. All Settlement Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of any of the Released Claims.

14. The Court has also considered Plaintiffs' Motion For Attorneys' Fees, Costs, Expenses, And Incentive Awards, as well as the supporting memorandum of law and declarations (ECF No. 77), and adjudges that the payment of attorneys' fees and costs in the amount of $433,333.33 is reasonable in light of the multi-factor test used to evaluate fee awards in the Third Circuit. *See Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000). This award includes Class Counsel's unreimbursed litigation costs and expenses. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

15. The Court has also considered Plaintiffs' Motion, memorandum of law, and supporting declarations for incentive awards to the Class Representatives,

Jodi Fittipaldi and Lexi Fittipaldi. (ECF No. 77, at 32-34). The Court adjudges that the payment of incentive awards in the amount of $5,000 each to Jodi Fittipaldi and Lexi Fittipaldi to compensate them for their efforts and commitment on behalf of the Settlement Class is fair, reasonable, and justified under the circumstances of this case. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

16.  All payments made to Settlement Class Members pursuant to the Settlement Agreement that are not cashed within ninety (90) days of issuance shall revert to Defendant for the direct benefit of the students of Monmouth University through the creation of a special student-focused scholarship fund administered by Monmouth University.

17.  Except as otherwise set forth in this Order, the Parties shall bear their own costs and attorneys' fees.

18.  The Parties, without further approval from the Court, are hereby permitted to agree and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Judgment and do not limit the rights of Settlement Class Members.

19.  Without affecting the finality of this Final Judgment for purposes of appeal, until the Effective Date the Court shall retain jurisdiction over all matters

relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement.

20. This Court hereby directs entry of this Final Judgment pursuant to Federal Rule of Civil Procedure 58 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment.

IT IS SO ORDERED, this 30th day of December, 2022.

_____
The Honorable Rukhsanah L. Singh
United States Magistrate Judge